### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JONTRICE D. SEARS, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | )   CIV. ACT. NO. 2:05cv304-ID |
| | )           (WO) |
| PHP OF ALABAMA, INC., | ) |
| | ) |
|      Defendant. | ) |

### ORDER

Before the court is Defendant PHP of Alabama, Inc.'s motion in limine, filed April 17, 2006.  (Doc. No. 32.)  Plaintiff Jontrice D. Sears filed a response on April 24, 2006. (Doc. No. 40.)  For the reasons to follow, the motion is due to be granted in part and denied in part.

Defendant moves to exclude 21 categories of evidence, enumerated in paragraphs 1 through 21 of its motion.  In her response, Plaintiff has not opposed the exclusion of the evidence referenced in paragraphs 3, 6, 7, 8, 10, 11, 12, 14, 16, 17 and 20 of Defendant's motion and, thus, Defendant's motion is hereby GRANTED as to the evidence sought to be excluded in these eleven paragraphs.  Plaintiff otherwise objects to Defendant's motion, and, therefore, the remaining paragraphs of Defendant's motion require discussion.

In paragraph 1, Defendant seeks to exclude evidence "related to any offer, or lack thereof, of settlement or compromise, or settlement, and/or any comments by any

employee or agent of [Defendant] regarding any proposed settlement or settlement process in this or any other case with the exception of [Defendant's] Partial Offer of Judgment made on October 10, 2005[,]" regarding Plaintiff's Fair Labor Standards Act ("FLSA") claim.  (Def. Mot. ¶ 1.)  Defendant contends that admission of settlement evidence is barred by Rule 408 of the Federal Rules of Evidence.  Plaintiff concedes generally that settlement evidence is admissible, but "excepts" to the extent that Defendant seeks to preclude the jury from hearing evidence "that [Defendant] has not contested, and presently does not contest, Plaintiff's overtime claim."  (Pl. Resp. ¶ 1.)  It is unclear whether Plaintiff's position contravenes that of Defendant's; Defendant desires to introduce evidence of the fact that it made an offer of judgment presumably to show that Plaintiff rejected that offer, and Plaintiff wants to introduce evidence to the effect that Defendant admits liability as to her FLSA claim, but Plaintiff has not expressly stated whether she objects to specific mention of Defendant's partial offer of judgment and Plaintiff's rejection of that offer.  In any event, the law is clear, and, in the end, whether the parties agree or not is beside the point.

Rule 68 of the Federal Rules of Civil Procedure expressly prohibits the admissibility of an offer of judgment which is rejected.  See Fed. R. Civ. P. 68 ("An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.").  The reasoning underlying the exclusion of settlement evidence applies equally to evidence regarding rejected offers of judgment.  See Fed. R. Evid. 408, advisory committee's note (providing that "same policy underlies" Rule 408 as

2

underlies Rule 68 governing offers of judgment).  The court, therefore, concludes that Defendant is precluded from introducing any evidence pertaining to its partial offer of judgment made on October 12, 2005, including Plaintiff's rejection of that offer.  By the same token, Plaintiff is excluded from introducing evidence that Defendant concedes liability on the FLSA claim, as Defendant's concession stems from the fact that Defendant made a partial offer of judgment pursuant to Rule 68.  The court observes that, in the order on the pretrial hearing (see Doc. No. 36), Defendant has not stipulated liability under the FLSA or otherwise admitted that it denied Plaintiff overtime pay. Accordingly, Defendant's motion in limine, asserted in paragraph 1, is hereby GRANTED with the additional caveat that evidence pertaining to and arising from Defendant's partial offer of judgment also is hereby EXCLUDED.

The court's ruling is the same as to the evidence which Defendant seeks to exclude in paragraph 4 of its motion, i.e., settlement efforts in this case and "any other case when improperly implied to the jury that [Defendant] admits or has previously admitted liability as to the issues in such cases."  (Def. Mot. ¶ 4.)  Again, for the reasons set forth above, the court disagrees with Plaintiff's reiterated assertion that "presentation to the jury" of the "fact that [Defendant] has not contested, and does not contest, Plaintiff's [FLSA] overtime claim" is "wholly proper."  (Pl. Resp. ¶ 4.)  Accordingly, Defendant's motion in limine, asserted in paragraph 4, is hereby GRANTED with the additional caveat that evidence pertaining to and arising from Defendant's partial offer of judgment on Plaintiff's FLSA claim also is hereby EXCLUDED.

3

In paragraphs 2 and 5 of Defendant's motion, Defendant seeks to exclude "evidence not previously produced during discovery" and any allegation by Plaintiff that Defendant engaged in misconduct during the discovery phase of this case.  (Def. Mot. ¶¶ 2, 5.)  Plaintiff does not oppose the exclusion of said matters, unless the evidence is offered "solely for purpose[s] of rebuttal or impeachment."  The court, however, finds that whether Plaintiff may use any of this evidence for impeachment or rebuttal is a question to be resolved at trial, if and when it becomes relevant.  Accordingly, Defendant's motion in limine, asserted in paragraphs 2 and 5, is hereby GRANTED.

Citing Rule 403 of the Federal Rules of Evidence, in paragraph 9, Defendant "moves to exclude any mention by [P]laintiff of any action of the Court and ruling upon any matter, including this motion in limine, prior to the trial of this case or during the trial of this case where the ruling is made outside the presence of the jury," as well as any references to any "pleadings, motions . . ., special exception, or other matters filed by [D]efendant herein."  (Def. Mot. ¶ 9.)  Plaintiff objects, asserting that she "should not be excluded in any way from referring to the pleadings herein."  (Pl. Resp. ¶ 9.)  The court finds that, without the context of trial, it simply is unable to resolve questions of relevancy and potential prejudice such that the court presently is unable to ascertain whether the evidence in question should be excluded or not.  See Knotts v. Black & Decker, Inc., 204 F. Supp.2d 1029, 1034 n.4 (N.D. Ohio 2002) ("Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose."); National Union v. L.E. Myers

4

Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (Court may deny a motion in limine when it "lacks the necessary specificity with respect to the evidence to be excluded."). Accordingly, Defendant's motion in limine, asserted in paragraph 9, is hereby DENIED at this time.

Turning to paragraphs 13 and 18 of Defendant's motion, citing Rules 401, 402 and 403, Defendant moves to exclude "[a]ny other incidents, claims, occurrences or lawsuits involving this Defendant absent the prior introduction of evidence which would provide a proper foundation that such incidents were substantially the same as the incident which gives rise to this action, and occurring prior to the incident in question," as well as [t]estimony from other employees claiming similar or wrongful conduct."  (Def. Mot. ¶¶ 13, 18.)  Plaintiff objects, asserting that "[a]ny such evidence would be admissible to prove pattern and practice, . . . prior knowledge," the "effectiveness of [Defendant's] sexual harassment policy," and Plaintiff's negligent training, supervision and retention claim.  (Pl. Resp. ¶ 13.)

Defendant's motion and Plaintiff's response invoke issues pertaining to Rule 404(b) of the Federal Rules of Evidence.  Defendant's argument, however, is over broad, and, without more specificity, the court has inadequate information from which to determine whether any extrinsic evidence would be "admissible for . . . purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).  Because the court has not been provided an adequate factual background to permit it to rule in advance of trial whether the evidence

is admissible or not, Defendant's motion in limine, asserted in paragraph 13, is hereby DENIED at this time.

Turning to paragraph 15 of Defendant's motion, Defendant "moves to exclude any reference, evidence, testimony or argument by [P]laintiff's counsel that refers to the plaintiff as a 'victim,' or words to that effect."  (Def. Mot. ¶ 15.)  Defendant asserts that use of the word, "victim," "incorrectly implies the existence of a 'criminal' legal proceeding and serves only to mislead or inflame the jury and prejudice the jury against the [D]efendant."  (Id.)  Plaintiff objects, asserting that "'victim' is an accurate characterization of her status," given the "allegations of severe misconduct on the part of one of [Defendant's] employees."  (Pl. Resp. ¶ 15.)

Defendant has cited no authority in support of its position, and the court is aware of none.  The court finds that the use of the word, "victim," to describe Sears, who alleges that she endured numerous, frequent sexual assaults by her former co-employee, would not unduly prejudice or inflame the jury, and that the balancing test in Rule 403 does not weigh against its use.  Accordingly, the court finds that Defendant's motion in limine, asserted in paragraph 15, is hereby DENIED.

In paragraph 19 of its motion, Defendant moves to exclude hearsay evidence. Namely, Defendant states, "It is believed that [P]laintiff will attempt to make statements made to her by others regarding other incidents involving Brian Atkins."  (Def. Mot. ¶ 19.)  This is the only illustration of alleged and anticipated hearsay evidence, but it is non-specific in that Defendant has not identified the "other" individuals or provided any

6

elaboration as to the type of "incidents."  Plaintiff's response, in turn, does not directly

address or clarify Defendant's argument, as Plaintiff states only that "[t]he statement of a

PHP employee, such as Brian Atkins, is admissible under Rule 801(d)(2)" of the Federal

Rules of Evidence.  (Pl. Resp. ¶ 19.)  Consequently, neither Defendant's motion nor

Plaintiff's response is sufficiently particularized for the court to ascertain what type of

testimony Plaintiff intends to offer and what specifically Defendant contends is

inadmissible.  The court, thus, at this time, cannot give particular guidance.  Instead, the

court must withhold a precise ruling until it has heard the specific questions asked of the

witnesses.

 Generally, however, the court observes that statements made by Atkins directly to

Plaintiff and offered by Plaintiff against Defendant would not be hearsay, but rather

would constitute an admission by a party-opponent, pursuant to Rule 801(d)(2)(D) of the

Federal Rules of Evidence.  See Fed. R. Evid. 801(d)(2)(D) (providing that "a statement

by the party's agent or servant concerning a matter within the scope of the agency or

employment, made during the existence of the relationship," is "not hearsay."  Fed. R.

Evid. 801(d)(2)(D).  Moreover, depending upon whether a proper foundation is laid,

testimony from Plaintiff concerning alleged statements made to her by other co-workers

or supervisors involving alleged incidents or statements by Atkins which support her

sexual harassment claim may not be hearsay pursuant to Rule 801(d)(2)(D) of the Federal

Rules of Civil Procedure.  See, e.g., Watts v. Kroger Co., 955 F. Supp. 674, 678-79 (N.D.

Miss. 1997), aff'd in part and rev'd in part on other grounds, 170 F.3d 505 (5th Cir. 1999)

(co-worker's statement to plaintiff that plaintiff's supervisor expressed to co-worker certain sexual acts he wanted to perform on plaintiff was made within scope of co-worker's employment and was admission by party-opponent).  Accordingly, Defendant's motion in limine, as to paragraph 19, is hereby DENIED at this time.

In paragraph 21, Defendant requests the court "to bar" Plaintiff from presenting "any emotional stress" evidence on the ground that Plaintiff "has not provided any expert testimony establishing that she sought counseling and/or treatment for emotional distress."  (Def. Mot. ¶ 21.)  In support of its position, Defendant cites an opinion where the Eleventh Circuit held that the plaintiff's testimony offered to demonstrate the emotional distress he allegedly endured from the discrimination was not sufficient to show actual injury so as to support an award for emotional distress damages.  See Akouri v. Fla. Dep't. of Transp., 408 F.3d 1338, 1344-46 (11th Cir. 2005).  This case, however, does not stand for the proposition that expert testimony is required to establish emotional distress damages.  Cf. Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir. 1997) (holding that "medical or other expert evidence was not required to prove emotional distress and that there was sufficient evidence of emotional distress").  Plaintiff correctly has observed that, in some instances, when sufficiently concrete, a plaintiff's own testimony alone can be sufficient to establish emotional distress.  (Pl. Resp. ¶ 21); see Marable v. Walker, 704 F.2d 1219, 1220-21 (11th Cir. 1983).  In short, Defendant has not presented any convincing reason that Plaintiff should not be permitted to offer evidence at trial on the issue of emotional distress.  Rather, the court finds that whether there exists

8

sufficient evidence to support an award of emotional distress damages is a determination which must be made after consideration of all of the evidence presented at trial. Accordingly, Defendant's motion to exclude evidence of emotional distress is hereby DENIED.

Accordingly, for the reasons set forth above, it is CONSIDERED and ORDERED that Defendant's motion in limine be and the same is hereby GRANTED in part and DENIED.

DONE this 5th day of May, 2006.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE